# Abraham L. Kreider et al. v. Omar A. Fanning.

1. Mortgages—*Care Given Property by Minor Child of Mortgagor Not a Charge Against Mortgagee.*—A person who has given a mortgage on cattle can not recover for grain fed or stabling given such cattle, nor for the services of his minor child, living in his family and not then emancipated, in caring for such cattle, nor· can he by emancipating the son after the grain is furnished and the services rendered, make that a charge against the mortgagee which was not a charge against him when the grain was furnished and the services rendered, and thereby give the son a cause of action which he did not have when he rendered the services.

**Assumpsit,** on the common counts. Appeal from the Circuit Court of Whiteside County; the Hon. James Shaw, Judge, presiding. Heard in this court at the December term, 1897. Reversed and remanded. Opinion filed February 28, 1898.

## Statement of the Case.

Omar A. Fanning, a minor son of Omar E. Fanning, brought this suit against Kreider & Harpham to recover for his personal services in the care of certain live stock, and for hay and grain fed said live stock, and for their stabling, which live stock were covered by a certain chattel mortgage given by Omar E. Fanning to Caroline Smith. Upon issues joined there was a jury trial and a verdict and judgment for appellee for $221.40, from which defendants appeal.

Said chattel mortgage had been extended as shown in Fuller v. Smith, 71 Ill. App. 576. When said extension was agreed upon, a written contract was made between Omar E. Fanning and Kreider & Harpham, as agents for Mrs. Smith and others, by which it was provided there should be a general sale of the personal property of Omar E. Fanning about the middle of the winter then next ensuing, the substance of which contract and the circumstances attending its execution are fully stated in our opinion in Kreider et al. v. Frank C. Fanning, page 230 this volume. Thereafter one O'Brien, a creditor of Omar E. Fanning, having

an execution against him and claiming said extension of the chattel mortgage was invalid, caused his execution to be levied on the stock covered by it, and the sheriff appointed appellee custodian thereof. Mrs. Smith replevied said stock by virtue of her chattel mortgage. Upon said replevin writ being served, the sheriff gave Kreider an order on Omar A. Fanning, appellee, to turn the stock over to Kreider & Harpham, the agents of Mrs. Smith. Kreider went with said order to the farm occupied by Omar E. Fanning, the mortgagor, where the cattle were, and presented said order to Omar A. Fanning, appellee. Certain things were then said which, appellee claims, made him custodian of the cattle under Mrs. Smith as chattel mortgagee, and with directions to feed them. Appellants give such a version of the conversation as would show the cattle were turned back to be held and cared for by the mortgagor the same as before O'Brien levied his execution. There were two witnesses on each side as to the tenor of this conversation. Appellee lived with his father, Omar E. Fanning, and was not of age. He took care of and fed the cattle until the sale, which was held February 26, 1897. On June 1, 1897, Omar E. Fanning and his wife executed an instrument by which they relinquished all their right to the personal earnings of their son, Omar A. Fanning, since November 1, 1896, and authorized him to collect and receive compensation for all services rendered by him after that date and until his majority.

H. C. WARD, attorney for appellants.

C. C. COLE and A. A. WOLFERSPERGER, attorneys for appellee.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

The cattle still belonged to Omar E. Fanning, subject to the mortgage, and the expenses incurred by the mortgagee in keeping them would be charged against the mortgagor in the settlement. They were fed and cared for by his own minor son, living with him in his family, and on the farm

he occupied, and it is a fair inference, from the evidence, that the hay and grain which was given to them belonged to said Omar E. Fanning, and that the barn or stable where they were fed was occupied by him. Under such circumstances Omar E. Fanning could not recover for his hay and grain fed and stabling furnished to his own cattle, nor for the services of his minor child, living in his family and not then emancipated, in caring for said cattle. We are also of opinion that he could not, by emancipating his son (after said son, whose services belonged to him, had cared for these cattle and fed them the father's hay and grain), make that a charge against the mortgagee which was not a charge against her when the feed was given and the services were rendered, and give the son a cause of action against the mortgagee which he did not have when he rendered the services.

In this state of the case it was error for the court to give the second instruction for plaintiff, which told the jury that it was immaterial where said stock was cared for, and where and under what circumstances Omar E. Fanning obtained the corn and hay to feed the stock. It was also error to give the fifth instruction for plaintiff, which told the jury that if the father and mother of plaintiff had given him his time, or relinquished their claim for services rendered by him since November 1, 1896, that entitled him to sue as he has sued, and to recover such sums as the jury find him entitled to under the evidence. The judgment is reversed and the cause remanded with directions to award a new trial.

Reversed and remanded.